IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JANE DOE and JANE ROE, individually
and on behalf of all others similarly situated,

                         Plaintiffs,                     OPINION AND ORDER

   v.
                                                               24-cv-67-wmc

PRAIRIE DU CHIEN MEMORIAL
HOSPITAL ASSOCIATION, INC.
D/B/A CROSSING RIVERS HEALTH,

                         Defendant.

---

      In this putative class action, plaintiffs Jane Doe and Jane Roe claim that defendant Prairie du Chien Memorial Hospital Association, Inc., doing business as Crossing Rivers Health ("Crossing Rivers"), allowed the use of tracking technologies on Crossing Rivers' websites to transmit personally identifying information and protected health information to third parties without patients' consent in violation of their Wisconsin statutory and common law medical privacy rights. Doe and Roe originally filed this action in Crawford County Circuit Court on December 19, 2023, but Crossing Rivers removed it to federal district court under 28 U.S.C. § 1442(a)(1), commonly referred to as the "federal officer removal statute." Doe and Roe then moved to remand this case and receive attorney's fees for challenging a "frivolous" removal. (Dkt. #6.) Crossing Rivers later moved to dismiss plaintiffs' initial complaint (dkt. #8) and their amended complaint (dkt. #21).

      The court concludes that removal was improper because Crossing Rivers was not a "federal officer" when it built its patient portal and website. Accordingly, the court will grant plaintiffs' motion in part, deny Crossing Rivers' motions to dismiss as moot, and

remand this case to the Crawford County Circuit Court, following its recent precedent in two, nearly identical cases, *Doe v. Gundersen Lutheran Health Sys., Inc.*, No. 23-cv-694-wmc, 2024 WL 489327 (W.D. Wis. Feb. 8, 2024), and *Doe v. Prairie Ridge Health, Inc.*, No. 23-cv-426-jdp, 2024 WL 1191108 (W.D. Wis. March 20, 2024), as well as the other district courts in the Seventh Circuit, the Courts of Appeals for the Eighth Circuit, *Doe v. BJC Health Sys.*, 89 F.4th 1037 (8th Cir. 2023), the Third Circuit, *Mohr v. Trustees of Univ. of Pennsylvania*, 93 F.4th 100 (3d Cir. 2024), and the Fifth Circuit, *Martin v. LCMC Health Holdings*, 101 F.4th 410 (5th Cir. May 13, 2024), in addition to the vast majority of district courts across the country. *Gundersen Health*, 2024 WL 489327, at *2 (compiling cases). Although it presents an increasingly close question, the court will also deny plaintiffs' request for an award of attorney fees at this point.

BACKGROUND[1]

Crossing Rivers is a comprehensive community health center in Prairie du Chien, Wisconsin. Crossing Rivers maintains an online platform that allows its patients to receive healthcare services. Doe and Roe, who both reside in Prairie du Chien, are Crossing Rivers patients and use its website to communicate confidential information related to their treatment.

Doe and Roe allege that Crossing Rivers has integrated a tracking tool into its website that sends patients' personally identifying information ("PII") or protected health

---

[1] This background is taken from plaintiffs' state court complaint, defendant's notice of removal, and the parties' briefing of the motion to remand.

information ("PHI") to third parties, including Meta Platforms, Inc. ("Meta"), with neither their knowledge nor consent.[2] Meta's version of the tracking tool, known as the Meta Pixel, allegedly allows Crossing Rivers to use its patients' PII and PHI to analyze their user experience and website activity, assess its website's functionality and traffic, target patients with advertisements, and measure the results of those advertising efforts to generate more sales for itself. Doe and Roe further allege that: they and other patients did not know about or agree to the disclosure of their PII or PHI to Meta when they engaged with Crossing Rivers' website; and Crossing Rivers failed to safeguard their personal information, instead transmitting it to Meta.

Based on these alleged facts, Doe and Roe assert eleven state and common law claims against Crossing Rivers on behalf of themselves and the putative class: (1) negligence; (2) negligence per se; (3) invasion of privacy, as codified in Wis. Stat. § 995.50; (4) breach of implied contract; (5) unjust enrichment; (6) breach of fiduciary duty; (7) misrepresentation; (8) conversion; (9) deceptive trade practice; (10) violation of Wisconsin's statutory prohibition on the intentional interception of wire, electronic or oral communications; and (11) violation of Wisconsin's Confidentiality of Patient Health Care Records law. Despite none of plaintiffs' claims sounding in federal law, Crossing Rivers asserts in its notice of removal that the federal officer removal statute applies. More specifically, Crossing Rivers asserts that this lawsuit is effectively challenging the actions it took to participate in the "Meaningful Use Program," a voluntary federal program that

---

[2] Meta, formerly known as Facebook, Inc., is the owner and operator of social media platforms including Facebook, Instagram, WhatsApp, and Threads.

gives incentive payments to eligible healthcare providers for facilitating patient online access to health records.

The Meaningful Use Program, now known as the "Promoting Interoperability Program," 42 C.F.R. § 495.4, provides a federal framework and guidelines for healthcare providers to follow for the creation of patient portals and online access to health information. Participating providers submit reports to the program to certify their compliance, and in return, they receive incentive payments for meeting the program's goals. Crossing Rivers contends that its participation in the Meaningful Use Program somehow places the actions that Doe and Roe challenge in this lawsuit within the ambit of federal action (dkt. #13, at 6), thereby requiring removal to federal court.

OPINION

The federal officer removal statute "permits the removal of cases in which a federal agency or officer, or 'any person acting under that officer,' is a defendant." *Martin v. Petersen Health Operations*, LLC, 37 F.4th 1210, 1212 (7th Cir. 2022). As such, "removal is appropriate when 'the defendant (1) is a person within the meaning of the statute, (2) is acting under the United States, its agencies, or its officers, (3) is acting under color of federal authority, *and* (4) has a colorable federal defense.'" *Baker v. Atlantic Richfield Co.*, 962 F.3d 937, 941 (7th Cir. 2020) (emphasis added) (quoting *Betzner v. Boeing Co.*, 910 F.3d 1010, 1015 (7th Cir. 2018)). Further, the party removing bears the burden of establishing all four requirements, even acknowledging that the U.S. Supreme Court "has made clear that courts must liberally construe § 1442(a)." *Betzner*, 910 F.3d at 1014.

While plaintiffs appear to concede in their reply that Crossing Rivers is a "person"

under the statute (dkt. #17, at 3), they argue Crossing Rivers has not shown that it is acting under a federal officer's or agency's authority by creating and maintaining its patient portal. *See Baker*, 962 F.3d at 942 (the "relevant relationship . . . is that of a private person '*acting under*' a federal 'officer' or 'agency'"). This court agrees.

Generally, the relationship of a private person acting under a federal officer or agency "involves subjection, guidance, or control" *and* "the private person's 'acting under' must involve an effort to *assist*, or to help *carry out*, the duties or tasks of the federal superior." *Id.* (quoting *Watson v. Philip Morris Cos., Inc.*, 551 U.S. 142, 151-52 (2007)). More to the point, "[a] private firm's compliance (or noncompliance) with federal laws, rules, and regulations does not by itself fall within the scope of the statutory phrase 'acting under' a federal 'official.'" *Watson*, 551 U.S. at 153. This "is so even if the regulation is highly detailed and even if the private firm's activities are highly supervised and monitored." *Id.* Accordingly, "regulation *by* federal officers or agencies differs from 'acting under' federal officers or agencies." *Martin*, 37 F.4th at 1213; *see also Betzner*, 910 F.3d at 1015 ("merely being subject to federal regulations or performing some functions that the government agency controls is not enough to transform a private entity into a federal officer").

Here, at most, Crossing Rivers claims to have acted under federal authority by "assist[ing]" the government to pursue its goal of bolstering health information technology infrastructure nationwide. (Dkt. #13, at 6.) Unfortunately for Crossing Rivers, there is an overwhelming current of case law holding otherwise. Although the Seventh Circuit has yet to weigh in on the issue, three federal courts of appeals have rejected arguments similar

5

to Crossing Rivers'.[3] *BJC Health Sys.*, 89 F.4th at 1045 (8th Cir. 2023) (hospital did not "act under" a federal officer when creating and maintaining a patient portal because "[t]he design of private websites is not -- and has never been -- a basic governmental task"); *Mohr v. Trustees of Univ. of Pennsylvania*, 93 F.4th at 105 (3d Cir. 2024) (even if operation of a patient portal in accordance with the Meaningful Use Program "advance[s] the government's policy[,]" it is "mere compliance" with federal laws and regulations, which "is not the same as executing a delegated governmental duty"); *Martin*, 101 F.4th at 415 (5th Cir. 2024) (defendant hospital "cannot show that its relationship with the government involved anything more than regulation" and its online patient portal instead "existed for the benefit of . . . patients and staff").

As this court explained in its opinion in *Gundersen Health*, multiple district courts, including several in this circuit, have similarly considered whether a private health care provider's facilitation and voluntary maintenance of an online patient portal to access health records is sufficient to support removal of a state lawsuit to federal court under § 1442(a)(1). *Gundersen Health*, 2024 WL 489327, at *2 (collecting cases). Indeed, aside from a few, early outliers, nearly all courts have concluded that merely participating in the Meaningful Use Program is *not* enough to form a basis for federal officer removal.[4] Thus, an emerging consensus dictates that participation in the Meaningful Use Program cannot

---

[3] The Seventh Circuit recently heard oral argument in a consolidated appeal challenging the validity of federal officer removal in cases involving the Meta Pixel. *Elkins v. Southeastern Indiana Health Mgmt. Inc.*, No. 23-3159 (7th Cir.).

[4] In particular, the Third Circuit's recent ruling in *Mohr* explicitly rejected the district court's reasoning in *Doe I v. UPMC*, 2020 WL 4381675 (W.D. Pa. July 31, 2020), which involved substantially similar allegations as those at issue here. *Mohr*, 93 F.4th at 106.

6

justify federal officer removal on its own.

These cases are, if anything, even more persuasive on the alleged facts here. To the extent Crossing Rivers' participation in the Meaningful Use Program may *support* the government's broad goal for patients to have online access to their medical records, this is decidedly not a *basic governmental function* being fulfilled. Nor is Crossing Rivers' patient portal a product that the government necessarily needs. Finally, the fact that the Meaningful Use Program prescribes guidelines for participants wishing to receive certain government payments *and* requires reports to assess their compliance does not go "beyond simple compliance[,]" *Watson*, 551 U.S. at 153, because the program is also a *voluntary* one. Thus, there is *no* indication that the government intentionally outsourced or delegated the creation of a patient portal to Crossing Rivers, nor that it compelled or intended for Crossing Rivers to do so, much less that in authorizing a voluntary program, the government intended Crossing Rivers to harness its patients' personal medical portal as a money-making machine by marketing goods or services for itself or other private actors.

Accordingly, Crossing Rivers has not shown that the federal government exercised the type of tight control that would bring its conduct within the statute's scope. *See Progin v. UMass Memorial Health Care, Inc.*, 2023 WL 4535129, at *4 (D. Mass. July 13, 2023) (comparing *Watson*, 551 U.S. at 156 (the FTC's provision of testing specifications, inspection and supervision of testing laboratories, and prohibition of statements in advertising were merely regulations that did not constitute formal delegation), with *Camacho v. Autoridad de Telefonos de Puerto Rico*, 868 F.2d 482, 486 (1st Cir. 1989) (defendants were acting under the federal government because they "were acting under

express orders, control and directions of federal officers" when wiretapping)).

In contrast to the rapidly emerging consensus view of federal courts, Crossing Rivers -- like both Gundersen Health and Prairie Ridge before it -- asks this court to adopt the reasoning of two of the first district courts to consider the issue in *Doe v. ProMedica Health Sys., Inc.*, 2020 WL 7705627 (N.D. Ohio Oct. 30, 2020), and *Doe I v. UPMC*, 2020 WL 4381675 (W.D. Pa. July 31, 2020). However, these cases are unpersuasive for the reasons already adequately explained in both *Gundersen Health* and *Prairie Ridge*, which the court need not repeat at length here. Put simply, Crossing Rivers is not "producing or operating any patient portal for the government; absent private action, the government itself would not provide this service," *Mohr*, 93 F.4th at 106, and both *ProMedica Health* and *UPMC* adopt "an overly broad interpretation of what it means to assist a federal superior with its tasks or duties, which would permit removal to federal court in circumstances far beyond anything Congress intended." *Gundersen Health*, 2024 WL 489327, at *4 (quoting *Quinto v. Regents of Univ. of Calif.*, 2023 WL 1448050 (N.D. Cal. Feb. 1, 2023)). Accordingly, the court will grant plaintiffs' motion in part and remand this case to state court.

Finally, plaintiffs also ask the court to award attorney's fees under 28 U.S.C. § 1447(c) because "the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). An award of fees is appropriate if at the time of removal, "clearly established law demonstrated that [the defendant] had no basis for removal[.]" *Wolf v. Kennelly*, 574 F.3d 406, 412 (7th Cir. 2009). This case was removed to federal court on January 31, 2024. (Dkt. #1.) At that

8

point, the Third Circuit had not yet issued its decision in *Mohr* explicitly disavowing the district court's reasoning in *UPMC*, nor had this court issued its decisions in *Gundersen Health* or *Prairie Ridge*. Moreover, the Seventh Circuit appeal challenging decisions regarding the validity of removal under similar circumstances was, and remains, pending. Despite the overwhelming number of courts to reject positions identical to those of Crossing Rivers elsewhere in the country, it is not yet *clearly established within this circuit* that the hospital's arguments are foreclosed, although that pronouncement appears close. Accordingly, the court will not award attorney's fees against the against the defendant in this case. *E.g.*, *Crisel v. Stearns Nursing & Rehab Ctr.*, 2022 WL 2734258, at *3 (S.D. Ill. June 24, 2022).

ORDER

IT IS ORDERED that:

1) Plaintiffs' motion to remand to state court (dkt. #6) is GRANTED IN PART and DENIED IN PART as set forth above.

2) Defendant's motions to dismiss (dkt. #8 and dkt. #21) are DENIED AS MOOT without prejudice.

3) The clerk of court is directed to REMAND this case to the Circuit Court for Crawford County.

4) Plaintiffs are entitled to their ordinary costs as awarded by the clerk of court, but not to an award of attorney 's fees on the facts of this case.

Entered this 12th day of June, 2024.

BY THE COURT:
/s/
WILLIAM M. CONLEY
District Judge